IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| LAURA ASHLEY WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-08-152-E-MHW |
| | ) | |
| vs. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| IDOC, BRIAN UNDERWOOD, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court are Motions to Dismiss and/or Motions for Summary Judgment filed by the CMS Defendants and the IDOC Defendants (Docket Nos. 34 and 39). Defendants argue that Plaintiff did not exhaust her administrative remedies. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument. D. Id. L. R. 7.1(b).

**A.   Background**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction (IDOC), currently incarcerated at Pocatello Women's Correctional Center (PWCC). Plaintiff has attempted suicide on several occasions. Each time Plaintiff made such an

**MEMORANDUM DECISION AND ORDER - 1**

attempt, she was placed in a mental health room at PWCC.  Plaintiff alleges that the mental health room is extremely cold and has no mattress.  Complaint (Docket No. 3) at ¶ 2.  Plaintiff states that she was denied heat, exercise, showers, and proper mental health care while in the mental health room.  *Id.* at ¶¶ 3, 5, 8-9.

   Plaintiff stayed in the mental health room on the following seven occasions:

- December 25, 2006 to December 27, 2006
- February 1, 2007 to February 2, 2007
- February 27, 2007 to March 1, 2007
- March 23, 2007 to March 29, 2007
- June 2, 2007 to June 5, 2007
- July 21, 2007 to July 31, 2007
- August 9, 2007 to August 15, 2007

Affidavit of Michelle Davis (Docket No. 39-4) ("Second Davis Affidavit") at ¶¶ 3-5 and Exhibit A.

   Inmates housed in a mental health room are not allowed pens or pencils because these items pose a suicide hazard.  *Id.* at ¶ 6.  Therefore, an inmate in a mental health room cannot fill out a concern form or a grievance.  Plaintiff states that she asked some officers to help her fill out concern forms, but these officers refused.  Plaintiff's Response to the CMS Defendants' Motion to Dismiss and/or Motion for Summary Judgment (Docket No. 36) ("Response") at 2.  Upon each release from the mental health room, Plaintiff returned to her normal housing unit.  Inmates housed in normal housing units have access to pens and pencils.  Second Davis Affidavit at ¶ 7.

**MEMORANDUM DECISION AND ORDER - 2**

B.     **Exhaustion of Administrative Remedies**

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA),[1] a prisoner is required to exhaust all of her administrative remedies within the prison system before she can bring a civil rights lawsuit challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). "Proper" exhaustion of administrative remedies is required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The *Jones v. Bock* Court noted that the important policy concern behind requiring exhaustion is that it "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id*. at 204.

Where there is an "informal[]" and "relative[ly] simpl[e]" prison grievance system, prisoners must take advantage of it before filing a civil rights complaint. *Woodford v. Ngo*, 548 U.S. at 103. In *Woodford v. Ngo*, the prisoner had filed his grievance within six months of the incident at issue, rather than within fifteen days as required by the California Prison grievance system. *Id*. at 86-87. The Supreme Court rejected the Ninth Circuit's determination that the prisoner "had exhausted

---

[1] 110 Stat. 1321-71, *as amended*, 42 U.S.C. § 1997e, *et seq*.

**MEMORANDUM DECISION AND ORDER - 3**

administrative remedies simply because no such remedies remained available to him." *Id*. at 87.

Failure to exhaust remedies is an affirmative defense that should be brought as an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2002). Therefore, the Court will consider Defendants' Motion as a motion to dismiss, rather than a motion for summary judgment. In deciding a motion to dismiss for failure to exhaust administrative remedies, a court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. Defendants bear the burden of proving failure to exhaust. *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005).

## C.     Grievance Process of the Idaho Department of Correction (IDOC)

The IDOC's grievance process consists of three stages. First, any inmate with a concern is required to seek an informal resolution by filling out an Offender Concern Form, addressed to the staff person "most directly involved" with the inmate's issue. First Affidavit of Michelle Davis (Docket No. 34-4) ("Davis Affidavit") at ¶ 5. If the issue cannot be resolved informally through the use of a Concern Form, the inmate must then file a Grievance Form. *Id.* at ¶ 6. At the time relevant to Plaintiff's claims, the Grievance Form had to be submitted within fifteen days of the incident giving rise to the grievance. *Id.*

When submitting a Grievance Form, the inmate must attach a copy of the Offender Concern Form, showing the inmate's attempt to settle the issue informally. Only one issue may be raised in each grievance. *Id.* at ¶ 7. When the grievance involves

**MEMORANDUM DECISION AND ORDER - 4**

a medical issue, the Grievance Form is "routed through medical staff supervised by the health services administrator, who is employed by the health care contractor." *Id.* at ¶ 8. The Health Services Administrator is charged with responding to the grievance. *Id.* If the grievance involves a non-medical issue, the reviewing authority is generally a deputy warden of the prison. *Id.* at ¶ 7.

If the decision on an inmate's grievance is not satisfactory to the inmate, the inmate may appeal that decision. In cases of medical grievances, the appellate authority is the Regional Manager or Vice President of the medical contractor. *Id.* at ¶ 10. Otherwise, the appellate authority is the warden. *Id.* Not until the completion of all three of these steps--Concern Form, Grievance Form, and grievance appeal--is the grievance process exhausted. *Id.* at ¶ 11.

### D.     **Plaintiff Is Not Excused from Exhausting her Administrative Remedies.**

Plaintiff admits that she did not exhaust her administrative remedies. She argues, however, that she should not be required to exhaust. Plaintiff was not allowed access to a pen and paper with which to fill out a concern form while she was in the mental health room. Response at 2. She states that she asked some of the officers to help her fill out a concern form but that the officers refused. *Id.* Therefore, she argues, it was impossible for her to exhaust her administrative remedies.

However, Plaintiff does not explain why she failed to file a concern form regarding the conditions of the mental health room *after* she was released from the room. Each time Plaintiff was released from the mental health room, she had fifteen days to file

**MEMORANDUM DECISION AND ORDER - 5**

a grievance. She had plenty of opportunities to fill out a concern form, the first step of the grievance process, during this time.

For example, the first time Plaintiff was released from the mental health room was December 27, 2006. During the next fifteen days, Plaintiff filled out at least two concern forms unrelated to the condition of the mental health room. Second Davis Affidavit, Exhibit D at LAW 2-3 (concern forms dated January 4, 2007 and January 9, 2007). Similarly, when Plaintiff was released from the mental health room on March 29, 2007, she filled out a concern form that same day regarding the return of her property. *Id.* at LAW 11 (concern form dated March 29, 2007). She also filled out a concern form the very next day, again relating to the return of her property. *Id.* at LAW 12 (concern form dated March 30, 2007). Plaintiff obviously had access to a pen or pencil when she was released into her normal housing unit, yet she did not fill out a single concern form regarding her stay in the mental health room. Plaintiff had the ability to exhaust but chose not to do so.

For the foregoing reasons, the Court determines that Plaintiff is not excused from exhausting her administrative remedies. Thus, because she did not exhaust, the Defendants' Motions shall be granted.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that the CMS Defendants' Motion to Dismiss and/or Motion for Summary Judgment (Docket No. 34) is

**MEMORANDUM DECISION AND ORDER - 6**

GRANTED.

IT IS FURTHER HEREBY ORDERED that the IDOC Defendants' Motion to Dismiss and/or Motion for Summary Judgment (Docket No. 39) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Complaint (Docket No. 3) is DISMISSED without prejudice.

DATED: July 20, 2009

/s/ Mikel H. Williams

Honorable Mikel H. Williams
Chief United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 7**